UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ANITA JEAN HAYES, | ) | |
| SALINDA EVE HAYES, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 22-CV-0230-CVE-SH |
| | ) | BASE FILE |
| SCOTT OWEN, | ) | |
| official capacity, | ) | Consolidated with: |
| MICHAEL KITCHENS, | ) | Case No. 22-CV-0231-CVE-SH |
| individual capacity, | ) | Case No. 22-CV-0274-CVE-SH |
| B. UNDERWOOD, | ) | Case No. 22-CV-0275-CVE-SH |
| individual capacity, | ) | |
| J. CUTLER, | ) | |
| individual capacity, | ) | |
| J. INMAN, | ) | |
| individual capacity, | ) | |
| B. BERENS, | ) | |
| individual capacity, | ) | |
| R. BLACKARD, | ) | |
| individual capacity, | ) | |
| W. JACOBS, | ) | |
| individual capacity, | ) | |
| B. WANO, | ) | |
| individual capacity, | ) | |
| A. WITT, | ) | |
| individual capacity, | ) | |
| A. GALANIS, | ) | |
| individual capacity, | ) | |
| SUMMER SONG DAVIS, | ) | |
| individual capacity, | ) | |
| PATRICK JOSEPH BALLARD, | ) | |
| individual capacity, | ) | |
| | ) | |
| Defendants/Consolidated | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Before the Court are plaintiff Anita Hayes's Motion to Strike Defendants Jared Cutler and

Jordan Inman's Affirmative Defenses, and Offsets to Plaintiffs' Complaint (Dkt. # 73), Motion to

Strike Defendants Brooks Berens, Reed Blackard, William Jacobs, Braden Wano, Aaron Witt, and Andrew Galanis' Defenses, Affirmative Defenses, and Offsets to Plaintiffs' Complaint (Dkt. # 75), and Motion to Strike Defendant Sheriff Scott Owen, in his Official Capacity's Defenses and Affirmative Defenses to Plaintiffs' Complaint (Dkt. # 77).  Plaintiff asks the Court to strike defendants' defenses, affirmative defenses, and "offsets" from the defendants' respective answers (Dkt. ## 65, 66, 67), "on the grounds that they are insufficient as they fail to state legal defenses, fail to satisfy Federal Rules of Civil Procedure pleading requirements, and fail to provide notice to Plaintiffs."  Dkt. ## 73 at 2, 75 at 2, 77 at 2.  Plaintiff also argues that the defendants "assert only affirmative defenses that are both insufficient to state a valid defense and are wholly irrelevant to the causes of action alleged in the complaint," and are therefore "immaterial allegations which should be stricken."  Dkt. ## 73 at 4, 75 at 4, 77 at 4.

Under Rule 12(f), a party may move to strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Because striking a portion of a pleading is a drastic remedy, Rule 12 motions to strike are generally viewed with disfavor and infrequently granted. See Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, 677 F.2d 1045, 1057 (5th Cir. 1982); 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1380.  "Allegations will not be stricken as immaterial under this rule unless they have no possible bearing on the controversy." Estate of Gonzales v. AAA Life Ins. Co., 2012 WL 1684599, at *5 (D.N.M. May 8, 2012).  District courts have broad discretion in disposing of a Rule 12(f) motion. Durato v. Smith, 163 F. Supp. 3d 837, 862 (D.N.M. 2015).

In order to succeed on a Rule 12(f) motion to strike a defense, the plaintiff must usually show prejudice. See 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1381.

Prejudice includes increased time and expense required to conduct discovery or prepare for trial on an irrelevant affirmative defense. Villa v. Ally Fin., Inc., No. 1:13CV953, 2014 WL 800450, at *4 (M.D.N.C. Feb. 28, 2014). A court should not strike a defense if it is not clearly insufficient as a matter of law or if it fairly presents questions of law or fact that the Court should hear. Id.; see also Carpenter v. Ford Motor Co., 761 F. Supp. 62, 65 (N.D. Ill. 1991) ("such motions are not favored and may be granted only if the defense is patently defective").

Plaintiff asks the Court to strike all of the defendants' defenses and affirmative defenses. While plaintiff contends that defendants' defenses and affirmative defenses are "insufficient to state a valid defense" or "wholly irrelevant to the causes of action alleged in the complaint," Dkt. ## 73 at 4, 75 at 4, 77 at 4, she fails to offer any argument or explanation in support of her conclusion. Plaintiffs bring this action under 42 U.S.C. § 1983. The Court has reviewed defendants' answers and finds that each of defenses and affirmative defenses raised by the various defendants addresses either an element of the claim that plaintiffs will have to prove or raises an affirmative defense that would impact the defendants' potential liability under 42 U.S.C. § 1983. Therefore, all of the defenses are properly pleaded valid legal defenses that are directly relevant to plaintiffs' claims, and the moving plaintiff suffers no prejudice.

Motions to strike should be used sparingly; they are granted only in extraordinary circumstances when the defenses have no relation to the complaint. Here, the defendants properly pleaded their defenses for this stage in the litigation. Discovery is just beginning, and the defendants cannot be expected to establish with certainty all facts relevant to their affirmative defenses. Therefore, the Court finds that plaintiff's motions to strike (Dkt. ## 73, 75, 77) should be denied.

**IT IS THEREFORE ORDERED** that plaintiff Anita Hayes's Motion to Strike Defendants Jared Cutler and Jordan Inman's Affirmative Defenses, and Offsets to Plaintiffs' Complaint (Dkt. # 73), Motion to Strike Defendants Brooks Berens, Reed Blackard, William Jacobs, Braden Wano, Aaron Witt, and Andrew Galanis' Defenses, Affirmative Defenses, and Offsets to Plaintiffs' Complaint (Dkt. # 75), and Motion to Strike Defendant Sheriff Scott Owen, in his Official Capacity's Defenses and Affirmative Defenses to Plaintiffs' Complaint (Dkt. # 77) are **denied**.

**DATED** this 19th day of April, 2023.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE