IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANITA JEAN HAYES and SALINDA EVE HAYES,<br><br>   Plaintiffs,<br><br>v.<br><br>SCOTT OWEN, official capacity; MICHAEL KITCHENS, individual capacity; B. UNDERWOOD, individual capacity; J. CUTLER, individual capacity; J. INMAN, individual capacity; SUMMER SONG DAVIS, individual capacity; and PATRICK JOSEPH BALLARD, individual capacity,<br><br>   Defendants. | Case No. 22-cv-00230-JDR-SH<br>Base File |

## OPINION AND ORDER

Before the Court is Plaintiffs' motion to allow out-of-time discovery and defer ruling on Defendants' motions for summary judgment. Plaintiffs' have failed to provide a sufficient declaration showing why they cannot present facts essential to justify their opposition to summary judgment, and their motion will be denied.

## BACKGROUND

These consolidated cases arise out of the arrest and detention of Plaintiffs Anita Jean Hayes ("Anita") and Salinda Eve Hayes ("Salinda") on January 17, 2021. (*See, e.g.*, ECF No. 1, Case No. 22-cv-231; ECF No. 1.[1]) Plaintiffs have brought two distinctive sets of claims—one relating to their arrest at a house in Dewey, Oklahoma (ECF No. 1 at 6-11,[2]

---

[1] Unless otherwise noted, ECF references refer to the base file (22-cv-230).
[2] Page citations refer to the page number in the Court-provided header.

Case No. 22-cv-231), and another relating to their treatment at the Washington County Jail in Bartlesville, Oklahoma (ECF No. 1 at 8-11).

### The Pending Claims & Motions for Summary Judgment

Currently, Plaintiffs have the following claims remaining relating to the arrest: (1) a Fourth Amendment excessive force claim against Defendant Scott Owen in his official capacity (the "County"); (2) similar Fourth Amendment claims against Defendants Summer Davis and Patrick Ballard in their individual capacities (the "Individual Arrest Defendants"); and (3) First Amendment claims against the Individual Arrest Defendants. (ECF No. 55 at 27.)

Anita also has the following claims remaining relating to the jail: (1) a Fourteenth Amendment deliberate indifference claim (inadequate medical care) against the County; (2) similar Fourteenth Amendment claims against Defendants Michael Kitchens, B. Underwood, Jared Cutler, and Jordan Inman in their individual capacities (the "Individual Jail Defendants"); (3) a Fourteenth Amendment due process claim (excessive force) against the County; and (4) similar Fourteenth Amendment claims against the Individual Jail Defendants. (*Id.* at 27-28; *see also* ECF No. 110 (voluntarily dismissing certain individual defendants).) Salinda has no remaining claims relating to the jail. (ECF No. 55 at 27-28.)

On January 16, 2024, the remaining defendants moved for summary judgment. In its motion, the County argues Plaintiffs have failed to show a policy or custom that resulted in a violation of their constitutional rights. (ECF No. 120 at 9-13.) In response, Plaintiffs counter that the evidence shows the County has a policy "lacking guidance about [how] mental and physical health contributes to the ignoring and exacerbating of problems." (ECF No. 132 at 20.)

In their motion for summary judgment, the Individual Arrest Defendants and Individual Jail Defendants argue that (1) they did not use unconstitutional excessive force; and (2) they possess qualified immunity, because Plaintiffs have not demonstrated that their actions violated clearly established constitutional rights that a reasonable person in their position would have known.[3] (ECF No. 122 at 20-28.) In response, Plaintiffs argue that (1) some of the force used was not reasonable and minimal, and violated the County's use of force policy; and (2) the individual defendants do not possess qualified immunity, because they "were deliberate[ly] indifferent to Plaintiffs' insistence that no crime had been committed, to their physical and emotional needs, etc." (ECF No. 132 at 22-24.)

## Procedural Background

This case has been pending for two years, during which discovery has moved in fits and starts. Plaintiffs initially proceeded *pro se*. (*See, e.g.*, ECF No. 1.) The first defendants appeared in this case in August 2022 (ECF Nos. 12-16), and discovery began the next month (ECF No. 30 at 5). The original discovery cutoff was March 15, 2023 (ECF No. 32), but—in February 2023—Defendants moved without opposition to strike the scheduling order and delay discovery pending a ruling on their motions to dismiss (ECF No. 44). Defendants' extension request mentioned some difficulty getting discovery from Plaintiffs, who were "attempting in good faith to comply with" a prior order to compel, but it did not discuss what discovery Plaintiffs had sought at that point. (*Id.* at 2-3.) District Judge Claire V. Eagan granted the motion, and discovery remained stayed for

---

[3] To the extent Plaintiffs' claims are premised on an assertion of unreasonable search and false arrest, the individual defendants also assert other defenses. (ECF No. 122 at 18-20.)

3

about a month until Judge Eagan ruled on Defendants' motions to dismiss. (ECF Nos. 45 & 55.)

After the ruling, on March 31, 2023, Judge Eagan entered a new scheduling order, allowing another five months for discovery. (ECF No. 57.) It appears from other court filings that Plaintiffs served written discovery requests soon after—in April 2023. (ECF No. 104 at 3.) Defendants state they produced hundreds of pages of requested documents—as well as audio and video files—in response. (ECF No. 139 at 3.) Defendants also state that they have produced "policies and procedures" and "internal documents related to the investigation of this incident, videos, emails, audio recordings of telephone calls, booking sheets, etc." (*Id.* at 4.) This production apparently included "the policies in effect at the time of the underlying incident." (*Id.* at 5.)

In August 2023, the parties jointly asked the Court to extend all remaining deadlines by another 90 days. (ECF No. 111.) In that motion, the parties stated they had delayed scheduling depositions due to changing parties and witnesses, as well as due to the pendency of a motion for appointment of expert witnesses. (*Id.* at 2-3.) Judge Eagan granted the motion and entered a new schedule, with discovery continued through November 29, 2023. (ECF No. 114.) It appears that Defendants then conducted the depositions of Plaintiffs (*see, e.g.*, ECF Nos. 122-1 & 122-6), but Defendants state that Plaintiffs declined to conduct any depositions (ECF No. 139 at 5). The November 2023 discovery cutoff expired without incident.[4]

---

[4] Generally, a party must show good cause and excusable neglect to reopen an expired deadline. *See* Fed. R. Civ. P. 6(b)(1)(B). As the Court finds no basis for additional discovery under Fed. R. Civ. P. 56(d), the undersigned does not address whether an additional finding is required under Rule 6 because the discovery cutoff has passed.

4

After the close of discovery, on January 8, 2024, Kevin Kemper entered an appearance as counsel for Plaintiffs. (ECF No. 119.) That same day, defense counsel contacted Kemper to see if he intended to ask the Court to move any deadlines. (ECF No. 139-1 at 7.) Counsel for the parties scheduled a call for January 11, 2024. (*Id.* at 1-5.) On January 15, defense counsel agreed not to object to an extension that would allow Kemper to get up to speed, but only if a request was filed that day, as summary judgment motions were due on January 16. (ECF No. 139-2 at 2-3.) Kemper decided not to seek an extension (*id.* at 1-2), and Defendants filed the aforementioned motions for summary judgment as planned (ECF Nos. 120, 122).

After completing briefing on these motions, Defendants moved the Court to stay all remaining pretrial and trial deadlines pending a ruling on the individual defendants' qualified immunity. (ECF No. 142.) District Judge John D. Russell granted that motion, and there are currently no pending deadlines. (ECF No. 144.)

### The Current Motion

As noted above, Plaintiffs have responded to Defendants' motions for summary judgment. (ECF No. 132.) At the same time, they filed a motion, under Rule 56(d), asking the Court to defer consideration of the pending motions for summary judgment and to allow discovery of

> a) all of Defendant's[5] policies since January of 2019, b) evidence of the training of each and every detention officer and/or deputy employed by Defendant since January of 2019, or at least of those named as Defendants

---

[5] When used in the singular, Plaintiffs appear to use "Defendant" to refer to Defendant Owen, who is sued in his official capacity as the embodiment of Washington County. *Porro v. Barnes*, 624 F.3d 1322, 1328 (10th Cir. 2010) ("Suing individual defendants in their official capacities under § 1983, we've recognized, is essentially another way of pleading an action against the county or municipality they represent."). (*See* ECF No. 133 at 2 ¶ 2 ("On or about January of 2019, Defendant was appointed as Sheriff of Washington County, Oklahoma.").)

5

  in this matter, and c) evidence of each and every formal and informal complaint filed against Defendant.

(ECF No. 133 at 2.) The motion is accompanied by a declaration from Plaintiffs' counsel (the "Kemper Declaration").[6] (ECF No. 133-1.) The Kemper Declaration does not say anything more about the facts sought, but the motion has some hints, arguing that "a dispositive issue is whether the policies and customs, along with training, adequately protect the mental and physical health of those arrested and/or detained by those detention officers and deputies" (ECF No. 133 at 3) and "whether the Defendants have adequate policies and training about dealing with mental health issues as they deal with the public" (ECF No. 145 at 2).

The motion is now before the undersigned. (ECF No. 149.)

## ANALYSIS

### I. Standard of Review

Rule 56(d) applies when a "nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" to summary judgment. Fed. R. Civ. P. 56(d). "Unless dilatory or lacking merit, the motion should be liberally treated." *Comm. for First Amend. v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992) (quoting James. W. Moore & Jeremy C. Wicker, *Moore's Federal Practice* ¶ 56.24 (1988)).[7] Even so, the affidavit is required to explain why the facts precluding summary

---

[6] The Kemper Declaration does not substantially follow the federal statute for unsworn declarations under penalty of perjury, 28 U.S.C. § 1746, or its Oklahoma sister statute, Okla. Stat. tit. 12, § 426. For example, the Declaration does not state that the statements therein are "true and correct." However, for purposes of this order, the Court treats the Declaration as if it met the required form.

[7] Prior to 2010, the current Rule 56(d) was found at 56(f). *See* Fed. R. Civ. P. 56, advisory ctte.'s note to 2010 am., subdiv. (d). ("Subdivision (d) carries forward without substantial change the provisions of former subdivision (f).").

judgment cannot be presented. *Id.* That is, the nonmovant "must specify (1) the probable facts not available, (2) why those facts cannot be presented currently, (3) what steps have been taken to obtain these facts, and (4) how additional time will enable [the party] to obtain those facts and rebut the motion for summary judgment." *Gutierrez v. Cobos*, 841 F.3d 895, 908 (10th Cir. 2016) (quoting *Birch v. Polaris Indus.*, Inc., 812 F.3d 1238, 1249 (10th Cir. 2015)). As it relates to the individual defendants, Plaintiffs here must also show the connection between the information sought and the validity of that individual defendant's claim of qualified immunity. *Id.*

If such a showing is made, the Court may (1) defer considering or deny the motion for summary judgment; (2) allow time to obtain affidavits or declarations, or to take other discovery; or (3) issue any other appropriate order. Fed. R. Civ. P. 56(d).

Rule 56(d) is read as complementary to Rule 56(c). When the summary judgment movant "has met the initial burden required for summary judgment, the opposing party either must establish a genuine issue for trial under Rule 56(c) or explain why it cannot yet do so under Rule 56(d)." 10B Fed. Prac. & Proc. Civ. (Wright & Miller) § 2740 (4th ed.). Here, the Court finds Plaintiffs have failed to provide such an explanation and does not reach the appropriateness of the discovery requested.

## II. The Factors

The Kemper Declaration does not contain the basic facts required by Tenth Circuit case law.

### A. Factor 1 – The Probable Facts Not Available

The Kemper Declaration makes no attempt to specify what probable facts are not available; it merely states that, "[i]n researching a *Response* to the *Motion for Summary Judgment*, it became apparent that dispositive evidence likely would be available but not

yet has been requested and/or provided through formal discovery." (ECF No. 133-1 ¶ 4.) All the Court is left with are the very broad categories of types of discovery requested—all policies, all training, and all complaints. (*Id.* ¶ 6.) While liberally reading Plaintiffs' motion, the Court declines to guess at what probable facts may be contained within, or supported by, such unidentified documents.

        B.      **Factor 2 – Why Those Facts Cannot Be Presented Currently**

To some extent, the Kemper Declaration at least implies why the unspecified facts cannot be presented currently, noting counsel's appearance in the case a week before the summary judgment deadline and the fact that the evidence has not been requested or provided through discovery. (*Id.* ¶¶ 1-4.) But, much is missing. For example, Defendants' briefing indicates they have produced "the policies and procedures at issue." (ECF No. 139 at 6.) In reply, Plaintiffs acknowledge that "Defendants' Counsel has provided some of the requested materials, even before a ruling by this Court." (ECF No. 145 at 2.) What exactly has been produced? What do Plaintiffs think is still lacking? Why do they not have access to those facts at this point in the case? The Kemper Declaration simply provides no detail from which the Court can make this determination.

        C.      **Factor 3 – What Steps Have Been Taken to Obtain the Facts**

As for what has been done to obtain the necessary facts, the Court is completely in the dark. As is clear from the procedural history above, the undersigned has had to piece together a sense of what happened during discovery from various filings made in the case to date. The Kemper Declaration does not contain any information on what discovery was requested or provided. Thus, the Court has no clear idea what efforts were made to obtain this discovery prior to the expiration of the discovery deadline.

### D. Factor 4 – How Additional Time will Enable Plaintiffs to Obtain Those Facts and Rebut the Motions for Summary Judgment

Having not explained what facts are missing, the Kemper Declaration unsurprisingly fails to explain how additional time will enable Plaintiffs to obtain the facts they need to rebut the pending summary judgment motions. When looking at this factor, the Court keeps in mind that the purpose of Rule 56(d) is to allow a party to obtain "facts essential to justify . . . opposition" to the motion for summary judgment, not just any facts. *See* Fed. R. Civ. P. 56(d).

Here, Plaintiffs do "not explain *how* specific information [is] *essential* to their summary judgment opposition." *Gutierrez*, 841 F.3d at 909. For example, in their summary judgment motion, the individual defendants argue that no excessive force was used and that they are entitled to qualified immunity.[8] (ECF No. 122 at 20-28.) But, Plaintiffs do not tie the requested discovery (all policies, all training, all complaints) to anything they argue in response the individual defendants' motion. (*See* ECF No. 132 at 22-24.) On excessive force, Plaintiffs' summary judgment briefing makes no reference to dealing with the public's mental health issues, and it mentions "emotional injuries" only in reference to the results of the force—not whether it was excessive in the first place. (ECF No. 132 at 22-23.) Similarly, as to qualified immunity, Plaintiffs do not show a connection between the information sought and the validity of the immunity defense. *See Gutierrez*, 841 F.3d at 908. Plaintiffs make no attempt to tie the proposed discovery to a clearly established federal constitutional or statutory right. *See Heard v. Dulayev*, 29 F.4th 1195, 1203 (10th Cir. 2022) (discussing the burden on plaintiff to show facts

---

[8] This discussion looks to the parties' summary judgment briefing merely to understand the arguments at issue. The undersigned offers no comment on the merits of those arguments.

demonstrating the individual defendant violated such a federal right that was clearly established at the time of the defendant's conduct).

A similar example is seen in the summary judgment briefing relating to the County. There, the County does raise whether there is a pertinent policy, custom, or practice. (ECF No. 120 at 9-13 (arguing any "policies of the Sheriff and Washington County Sheriff's office do not establish any constitutional violation"). *See also Hinton v. City of Elwood*, 997 F.2d 774, 782 (10th Cir. 1993) ("to establish municipal liability, a plaintiff must show 1) the existence of a municipal policy or custom, and 2) that there is a direct causal link between the policy or custom and the injury alleged"). And, in response, Plaintiffs discuss the policy the County has provided in discovery—arguing that it is inadequate as it relates to "the mental and physical well-being of those being arrested and/or detained." (ECF No. 132 at 19.) But, in the current Kemper Declaration, Plaintiffs provide no information about what additional probable facts are thought to be in the other policies, training, and complaints dating back to 2019, or how those facts would be relevant to refuting the County's summary judgment motion. Perhaps the Court could make arguments on Plaintiffs' behalf, but it declines to do so. Even if the Court assumed such policies were essential to Plaintiffs' contention that the Use of Force Policy already provided in discovery raises a constitutional issue, Plaintiffs have provided no "specified reasons" why they cannot provide such facts.

Finally, Plaintiffs provide no sense of how additional time will enable them to uncover the unspecified facts that are essential to oppose summary judgment. Instead, it appears Plaintiffs want to reopen discovery to serve an overbroad document request that could have been objectionable in the first instance because it seeks, in part, information that is not relevant to any party's claim or defense. Further, it appears Plaintiffs are doing

10

this to fish for information that might be useful at summary judgment, not to obtain probable facts they have a reason to believe would be essential to opposing summary judgment.

## CONCLUSION

IT IS THEREFORE ORDERED that *Plaintiffs' Motion to Defer and for Limited Discovery* (ECF No. 133) is DENIED.

ORDERED this 16th day of May, 2024.

_____
SUSAN E. HUNTSMAN, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT